```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Michelle L. Black Hosang,

    Plaintiff,

                            Case No. 2:01-cv-00623

  v.

                            JUDGE GRAHAM

Ohio Department of
Public Safety,

    Defendant.


## MEMORANDUM OPINION AND ORDER

Michelle Black-Hosang ("plaintiff") originally brought this action against the Ohio Department of Public Safety ("ODPS") alleging violations of 42 U.S.C. §1983. This court granted ODPS' motion to dismiss. At the same time this court also granted plaintiff's motion to file an amended complaint to substitute Trooper J.R. Mendenhall as the proper defendant. Trooper J.R. Mendenhall ("defendant") moved to dismiss the amended complaint arguing that it was filed outside the applicable statue of limitations and failed to relate back to the original filing. This court agreed and dismissed all claims against defendant. The Sixth Circuit reversed finding that plaintiff's allegations against defendant did relate back to the original complaint. The case was remanded and discovery commenced. This matter is now before the court on defendant's motion for summary judgement.

## I.  Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium).

The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case. LaPointe, 8 F.3d at 378.  The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case.  Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

The Court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S.

451, 456 (1992).

In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-52). A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## II. Discussion

Plaintiff alleges that defendant, during the course and scope of his employment with the Ohio State Highway Patrol, violated 42 U.S.C. §1983, the equal protection clause, and various state statutes.

### A. Plaintiff's Federal Claims

Plaintiff alleges that defendant violated the Fourth Amendment by arresting and detaining her without probable cause and violated the equal protection clause by arresting her based solely on her race. Defendant responds that his actions are protected under the doctrine of qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)

To defeat a claim of qualified immunity, plaintiff must show:

3

(1) the facts viewed in the light most favorable to the plaintiff shows that a constitutional violation has occurred; (2) the violation involved a clearly established constitutional right of which a reasonable person would have known; and (3) the plaintiff has offered sufficient evidence to show that the official's actions were objectively unreasonable in light of the clearly established constitutional rights. Feathers v. Aey, 319 F.3d 843, 848 (6th Cir.2003); Williams ex rel. Allen v. Cambridge Bd. Of Educ., 370 F.3d 630, 636 (6th Cir.2004).

The question of whether or not a defendant is entitled to qualified immunity is one of law for the Court. Dominque v. Telb, 831 F.2d 673, 677 (6th Cir. 1987). However, summary judgment is not appropriate if there is a factual dispute involving an issue on which the question of immunity turns. Poe v. Haydon, 853 F.2d 418, 426 (6th Cir.1988). The existence of probable cause "presents a jury question, unless there is only one reasonable determination possible." Radvansky v. City of Olmsted Fall, 395 F.3d 291, 302 (6th Cir.2005)(citing Gardenhire v. Schubert, 205 F.3d 303, 315 (6th Cir.2000).

In this case, material issues of fact remain with respect to plaintiff's federal claims. By way of example, a reasonable jury could conclude that defendant lacked probable cause because the primary witness viewed a picture of plaintiff and said plaintiff was not the person who sold the fraudulent licence. Likewise, a

4

reasonable jury could conclude, after making credibility determinations with respect to the alleged behavior of plaintiff and defendant during the second interview, that defendant lacked probable cause and arrested plaintiff based on her race.  Finally, a reasonable jury could conclude that the physical description relied on by defendant was too vague to constitute probable cause and resulted in an arrest based on race.  Because these, and other material issues of fact exist, defendant's motion for summary judgment is denied.

### B. Plaintiff's State Law Claims

Under O.R.C. §2743.02(F) the Ohio Court of Claims has exclusive original jurisdiction to determine whether or not a state officer or employee is entitled to immunity.  Plaintiff and defendant agree that this court cannot exercise jurisdiction over the state law claims until the Ohio Court of Claims determines that defendant is not entitled to immunity.  <u>Grooms v. Marshall</u>, 142 F. Supp.2d 927, 932 (S.D. Ohio 2001).  Plaintiff, in her response to defendant's motion for summary judgment, states she is pursuing such a determination.  Therefore, plaintiff's state law claims for malicious prosecution and negligence are dismissed without prejudice.

### IV. Conclusion

5

For the foregoing reasons, defendant's motion for summary judgment is denied with respect to plaintiff's §1983 and equal protection claims. Plaintiff's state law claims are dismissed without prejudice.

It is so ORDERED.

>	<u>s/James L. Graham</u>
>	JAMES L. GRAHAM
>	United States District Judge

DATE: June 23, 2005