```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Michelle L. Black-Hosang,

     Plaintiff,

  vs.                                Case No. 2:01-cv-00623

James R. Mendenhall,            JUDGE GRAHAM

     Defendant.

**MEMORANDUM OPINION AND ORDER**

In this 42 U.S.C. §1983 action, Michelle Black-Hosang ("plaintiff") alleged she was falsely arrested by Trooper James R. Mendenhall ("defendant") of the Ohio State Highway Patrol. A jury trial commenced on August 29, 2005, and on August 30, 2005, the jury returned a verdict for plaintiff awarding compensatory damages of $100,000 and punitive damages of $250,000. On September 2, 2005, this court held that defendant was not entitled to qualified immunity and entered final judgment in accordance with the jury's verdict. This matter is now before the court on defendant's motion for a new trial (Document 57), defendant's motion for judgment as a matter of law (Document 58), and defendant's motion for stay of proceeding to enforce judgment and stay of plaintiff's motion for prejudgment interest and attorney fees (Document 61).

**I.   Defendant's Motion for a New Trial.**

Defendant moves for a new trial under F.R.C.P. 59, which states that a new trial may be granted after a jury trial "for any of the reasons for which new trials have been heretofore granted in actions at law in the courts of the United States." See F.R.C.P. 59(a)(1). Trial courts have used this authorization to grant a new trial where the jury's verdict is against the clear weight of the evidence, the damages are excessive, or there were substantial errors of law that resulted in prejudice. Grimm v. Lane, 895 F. Supp. 907, 911 (S.D. Ohio 1995) [citations omitted].

Defendant argues that a new trial is warranted because: 1) the court committed prejudicial error when it excluded evidence of defendant's consultation with the assistant prosecutor; 2) the jury's award of compensatory damages was excessive; and 3) punitive damages were improper.

### A. Errors of Law.

To be granted a new trial, defendant must show he was prejudiced by an error of law and that a failure to grant a new trial is inconsistent with substantial justice. Erskine v. Consolidated Rail Corporation, 814 F.2d 266, 272 (6th Cir.1987). The burden of showing harmful prejudice rests with the moving party. Tobin v. Astra Pharmaceuticals Products, Inc., 993 F.2d 528, 541 (6th Cir.1993). If the error of law was the wrongful exclusion of evidence, a new trial will not be granted unless the excluded evidence would have resulted in a different outcome at

trial. Morales v. American Honda Motor Company, Inc., 151 F.3d 500, 514, (6th Cir.1998).

Here, defendant argues that the court committed prejudicial error when it refused to allow the jury to hear evidence that he consulted with an assistant prosecutor before arresting plaintiff. Because this evidence was excluded, defendant argues that the jury was left with the impression that he acted alone in arresting plaintiff, when in fact, the arrest was done with the full knowledge and support of an assistant prosecutor. Defendant's argument lacks merit because no error of law occurred.

The exclusion of evidence was proper because the jury's role in this case was to determine whether or not defendant had probable cause to arrest plaintiff. Klein v. Long, 275 F.3d 544, 550 (6th Cir. 2002) (citing Gardenhire v. Schubert, 205 F.3d 303, 315 (6th Cir.2000)).

Probable cause to make an arrest exists if at the moment of the arrest "the facts and circumstances within the officer's knowledge ... were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." Klein, 275 F.3d at 550 (citation and quotations omitted). Probable cause is evaluated from the perspective of a reasonable officer on the scene. Id. (quoting Kostrzewa v. City of Troy, 247 F.3d 633, 639 (6th Cir.2001)). The probable cause determination involves an objective analysis of the facts known by the officer and does not

3

take into consideration the officer's subjective state of mind. Devenpeck v. Alford, 125 S. Ct. 588, 593 (2004).

It is undisputed that defendant made the decision to arrest plaintiff. Moreover, because probable cause involves an objective analysis of the facts known by the officer at the time of the arrest, the fact that the officer sought the opinion of others is irrelevant and should not be considered by the jury. Furthermore, defendant admitted that he withheld exculpatory evidence from the assistant prosecutor and the jury found in its answers to interrogatories that defendant gave false information to the assistant projector. See infra pp. 5-6. Defendant offered no evidence as to what the prosecutor's advice would have been if he had known about the exculpatory evidence. No error of law was committed when this court refused to allow the jury, in making its probable cause determination, to consider evidence regarding defendant's consultation with the assistant prosecutor.

This is not to say, however, that the subjective opinion of others plays no role in determining defendant's liability in this case. The opinion of an assistant prosecutor may lend reasonableness to an officer's conclusion that probable cause exists, and thus may help to establish qualified immunity. See, e.g., Kijonka v. Seitzinger, 363 F.3d 645, 648 (7th Cir. 2004); Dixon v. Wallowa County, 336 F.3d 1013, 1019 (9th Cir. 2003); E-Z Mart Stores, Inc. v. Kirksey, 885 F.2d 476, 478 (8th Cir. 1989).

4

The Sixth Circuit has held that reliance on the advice of counsel may constitute "extraordinary circumstances" which would entitle a defendant to qualified immunity even where he would otherwise not be entitled to it. See York v. Purkey, 14 Fed.Appx. 628, 2001 WL 845554 (6th Cir. July 20, 2001). The determination of whether qualified immunity applies is one of law for the court. Dickerson v. McClellan, 101 F.3d 1151, 1157 (6th Cir.1996).

For that reason, this court, outside the presence of the jury, heard additional evidence regarding defendant's consultation with his superiors and an assistant prosecutor. Defendant's investigation revealed that one of the individuals that obtained a fraudulent commercials driver's licence with the assistance of an employee of the Ohio Department of Motor Vehicles was Gervase Flipping ("Flipping"). Defendant told the assistant prosecutor that Flipping told him that he had not taken the written exam and that plaintiff had made statements to the defendant indicating that she knew Flipping. The jury found in its answers to interrogatories that both of these statements were untrue. Defendant admitted that he did not tell the prosecutor that he had shown Flipping a photograph of plaintiff and that Flipping had told him she was not "Barbara," the person who assisted Flipping in obtaining the fraudulent licence. Defendant also admitted that he did not tell the prosecutor that Flipping told him that "Barbara" did not have an obvious skin condition. Plaintiff has an obvious

5

skin condition.  See Memorandum Opinion and Order, September 2, 2005, Document 53 at 3-5.  Defendant did not qualify for immunity protection as his actions were objectively unreasonable in light of clearly established Fourth Amendment rights.

After a full and fair opportunity to present evidence outside the presence of the jury, this court determined that defendant was not entitled to qualified immunity.  Because no error of law occurred and defendant was not prejudiced, defendant is not entitled to a new trial.

### B. Compensatory Damages.

Defendant also takes issue with the jury's $100,000 compensatory damage award, arguing that plaintiff testified only about attorney fees of $4,000 and her emotional response to being arrested, incarcerated, and having a newspaper article published discussing her arrest.  Plaintiff argues that the jury acted out of emotion and did not follow the instructions which said that compensatory damages "are not allowed as a punishment and cannot be imposed or increased to penalize the defendant."

A jury award of compensatory damages will not be set aside or reduced unless it is beyond the maximum amount that the jury reasonably could find to be compensation for a party's loss.  Hill v. Marshall, 962 F.2d 1209, 1215 (6th Cir. 1992).

In this case, plaintiff suffered great humiliation and

6

embarrassment when defendant arrested her at work and lead her off the premises in handcuffs. After her arrest, an article was published in the Columbus Dispatch newspaper identifying plaintiff by name. Plaintiff was jailed for two days. While in jail, she learned that she had been fired from her job of fifteen years. This began a two-year struggle to get her job back. During those two years, plaintiff suffered great anxiety over her future employment and overall financial security and she spent her entire life savings providing for herself and her children. She accepted a job tending bar to provide additional support. Plaintiff also had to hire an attorney to secure dismissal of the felony charge.

The jury's award of $100,000 to compensate plaintiff for the embarrassment, anxiety, and fear she endured, while perhaps high, is not unreasonable in light of the evidence presented. Because sufficient evidence was presented to support the jury's award, this court cannot grant a new trial to reduce the jury's compensatory damage award.

### C. Punitive Damages.

Defendant also argues that the jury's award of punitive damages was erroneous and not supported by the facts adduced at trial. Defendant argues that because no evidence existed showing that he acted with willful or malicious intent or that his conduct was egregious in nature, it was inappropriate for the jury to award

punitive damages.

Punitive damages are appropriate in a §1983 action if plaintiff is able to show that defendant's conduct was "motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others." See Smith v. Wade, 461 U.S. 30, 56 (1983). The imposition of punitive damages is generally reserved for cases involving egregious conduct or a showing of willfulness or malice. Beauford v. Sisters of Mercy-Providnce of Detroit, Inc., 816 F.2d 1104, 1109 (6th Cir.1987) (citing Wolfel v. Bates, 707 F.2d 932, 934 (6th Cir.1983)).

In this case, the evidence would support a finding that defendant engaged in egregious conduct which demonstrated a reckless or callous indifference to plaintiff's federally protected rights. As discussed in this court's order dated September 2, 2005 (Document 53), no reasonable officer could have believed probable cause existed. Yet, not only did defendant arrest plaintiff, but he inserted false information in the criminal complaint and unsuccessfully pressured a key witness to identify plaintiff.

In arresting plaintiff, defendant purportedly relied on the statement of Flipping regarding his purchase of a fraudulent commercial driver's license from "Barbara." He also relied on the physical description Flipping gave of "Barbara," claiming that it matched plaintiff's physical description. Flipping's description of "Barbara" was vague and did not include any reference to a very

8

obvious variation in skin pigmentation which plaintiff has. When Flipping refused to identify plaintiff as "Barbara" from a photograph, defendant disregarded Flipping's denial and instead pressured him to make a positive identification.

The jury found that defendant had no evidence to support his statement in the criminal complaint that plaintiff falsified exam scores for Flipping. The following interrogatory was submitted to the jury:

> 4) Prior to plaintiff's arrest on June 30, 1999, did Mr. Flipping tell defendant Mendenhall that he had not taken the written examination for a CDL license?
>
> ANSWER: No

Because the evidence would support a finding that defendant acted egregiously and with a reckless indifference for plaintiff's protected Fourth Amendment rights, the jury's award of punitive damages was appropriate.

Defendant's motion could also be interpreted as arguing that it was error for this court to instruct the jury on punitive damages. As discussed above, sufficient evidence was presented at trial to justify an instruction on, and the subsequent award of punitive damages. Therefore, defendant's motion must be denied.

**II. Defendant's Motion for Judgment as a Matter of Law.**

Defendant moves, pursuant to F.R.C.P. 50, for judgment as a

matter of law, arguing that the compensatory damages awarded were excessive and that evidence was not presented justifying a punitive damage award. These arguments are identical to the arguments in defendant's motion for a new trial which this court has rejected for lack of merit. This motion is denied for the reasons stated above in Section I, parts (b) and (c).

### III. Defendant's Motion for Stay of Proceeding to Enforce Judgment and Stay of Plaintiff's Motions for Prejudgment Interest and Attorney Fees.

Defendant moves, pursuant to F.R.C.P. 62(b), for a stay of proceedings to enforce the judgment rendered against him. Under Rule 62(b), execution of judgment may be stayed "pending the disposition of a motion for a new trial or to alter or amend a judgment." Sections I and II of this order dispose of defendant's motions for a new trial and for judgment as a matter of law. Because these motions are no longer pending, defendant's motion for a stay of proceedings to enforce judgment is denied as moot. Likewise, defendant's motion to stay plaintiff's motion for prejudgment interest and attorney fees is denied.

### IV. Conclusion

For the foregoing reasons, defendant's motion for a new trial is denied. Defendant's motion for judgment as a matter of law is denied and defendant's motion for stay of proceeding to enforce

judgment and stay of plaintiff's motions for prejudgment interest and attorney fees is denied.

The only motions before this court that remain undecided are plaintiff's motion for prejudgment interest (Document 55) and plaintiff's motion for attorney's fees and litigation costs (Document 56).  Defendant shall file his memoranda in opposition to these motions within twenty-one days.  Plaintiff will have eleven days to file any reply memoranda.

It is so ORDERED.

s/James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: December 5, 2005